**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MYLES WHITE,                :
                                 :
        Petitioner,        :
                                 :
      v.                   :   No.: 4:15-CV-1226
                                 :
STEVEN R. GLUNT,     :   (Judge Brann)
                                 :
        Respondent.    :

**MEMORANDUM OPINION**

**JUNE 21, 2017**

## I.    BACKGROUND

This *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 was filed by

Myles White, an inmate presently confined at the Rockview State Correctional

Institution, Bellefonte, Pennsylvania, (SCI-Rockview). Service of the petition was

previously ordered.

Petitioner and Ralph Maldonado were charged on March 26, 2009 with

criminal homicide, conspiracy, and robbery in relation to the robbery and murder

of Blake Natal. Trial was originally scheduled for September 9, 2009 in the Court

of Common Pleas of Monroe County, Pennsylvania. However, Petitioner's

attorney filed a motion to sever his trial from that of co-defendant Maldonado on

August 25, 2009. The motion was then withdrawn on October 13, 2009. On

January 8, 2010, Petitioner's counsel filed a motion for continuance of trial which was granted on January 12, 2010 and trial was rescheduled for March 2010. As a result of a motion filed by Petitioner's co-defendant, the scheduling of trial was further delayed from the March 2010 trial term until June 3, 2010.

On June 1, 2010, White entered a guilty plea to a charge of third degree murder. He was sentenced to a fifteen (15) to thirty (30) year term of imprisonment that day. Petitioner filed a direct appeal contending that his guilty plea was not voluntary and trial counsel was ineffective for failing to explain the element of intent and for failing to oppose the Commonwealth's use of inflammatory statements. *See* Doc. 8-12, p. 4. He also challenged the discretionary aspects of his sentence. The Superior Court of Pennsylvania denied relief on June 19, 2012.

Petitioner subsequently sought relief via an action pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[1] White was appointed counsel and subsequently filed an amended petition. The amended petition asserted that trial counsel was ineffective for failing to file a motion under

---

[1] *See* 42 Pa. Cons. Stat. Ann. § 9541 et seq. The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." *Hankins v. Fulcomer*, 941 F.2d 246, 251 (3d Cir. 1991).

Pennsylvania Rule of Criminal Procedure 600 and that the guilty plea was not voluntary because Petitioner expressed doubt as to whether he acted with the intent necessary for a third degree murder charge. A PCRA hearing was conducted by the trial court on July 29, 2013. The PCRA petition was denied by the trial court on October 15, 2013. The Superior Court subsequently affirmed that decision on August 29, 2014. A petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on April 24, 2015.

Ground One of Petitioner's pending action claims entitlement to federal habeas corpus relief on the basis that his state court proceedings violated his constitutional due process, equal protection, and fundamental fairness rights because the state courts improperly calculated his speedy trial deadline under Pennsylvania Rule of Criminal Procedure 600.[2] *See* Doc. 1, ¶ 12. Ground Two asserts that White's trial counsel provided ineffective assistance by neglecting to inform him that he had a viable argument that the Commonwealth had violated his right to a speedy trial under Rule 600.

Respondent seeks dismissal of the petition on the basis that Ground One has not been exhausted and both of White's arguments are meritless. *See* Doc. 8,

---

[2] Petitioner contends that the delay caused by his co-defendant's filing of a pre-trial motion should not have been excluded from the calculation of his Rule 600 period.

pp.10-1 6.

## II. DISCUSSION

### A. Exhaustion/Procedural Default

Respondent initially asserts Petitioner's Ground One claims are either

unexhausted or procedurally defaulted and as such should not be entertained by

this Court. The Respondent notes that the petition acknowledges that Ground One

was not previously raised via either direct appeal or in White's PCRA action. *See*

Doc. 8, p. 2.

Title 28 United States Code Section 2254(b)(1) provides that an application

for a writ of habeas corpus filed on behalf of a person in custody pursuant to the

judgment of a state court shall not be granted unless the applicant has exhausted

the remedies available in the courts of the State; or there is an absence of available

state corrective process; or there are existing circumstances which render the state

process ineffective. The exhaustion requirement is not a mere formality. It serves

the interests of comity between the federal and state systems, by allowing the state

an initial opportunity to determine and correct any violations of a prisoner's federal

rights. *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004).

The United States Court of Appeals for the Third Circuit has stated that

"[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have

exhausted the remedies available in the courts of the State ... if he has the right

under the law of the State to raise, by any available procedure, the question presented.' " *Wenger v. Frank*, 266 F.3d 218, 223-24 (3d Cir. 2001).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.' " *Woodford v. Ngo,* 548 U.S. 81, 92 (2006) (internal citations omitted); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The United States Supreme Court in *O'Sullivan* explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *Id*. at 847. The United States Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. *See id.* at 848.


Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts,

and the same method of legal analysis applied in the federal courts must be available to the state courts. *Evans v. Court of Common Pleas*, 959 F. 2d 1227, 1230 (3d Cir. 1992); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. *Keller v. Larkins*, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. *Evans*, 959 F.2d at 1230.

When a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility. *See Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *Toulson v. Beyer*, 987 F.2d 984, 987-88 (3d Cir. 1993). Such a claim is procedurally defaulted, not unexhausted. A federal habeas court cannot review a procedurally defaulted claim, "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Beard v. Kindle*, 558 U.S. 53, 55 (2009). Procedural default can only be excused if a petitioner can show "cause" and "prejudice" or that a "fundamental miscarriage of justice" would result. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

Petitioner acknowledges that "Ground One was not raised in the State because the violation was a result of the state court proceedings." Doc. 1, ¶ 12. Based upon Petitioner's own admission, it appears that Ground One is unexhausted. It is equally apparent that given the passage of time and the fact that Petitioner has already pursued both a direct appeal and a PCRA action, that any unexhausted argument by White has been procedurally defaulted in state court.

Based on White's admission, he has presented this Court with a mixed petition, specifically, one containing both exhausted and procedurally defaulted claims. The United States Supreme Court has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose." *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993); *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Despite Petitioner's admission, the substance of the Ground One argument was addressed on the merits during Petitioner's PCRA proceedings. As noted by the Superior Court, White presented the argument that non-excludable time was improperly attributed to Petitioner for purposes of a Rule 600 calculation. *See*

Doc. 8-7, p. 6.  Consequently, since the substantial equivalent of the claims

pending before this Court was raised during White's PCRA action, the request for

dismissal on the basis of non-exhaustion will be denied.  Nonetheless, for the

reasons outlined below, the petition is subject to dismissal because Grounds One

and Two are meritless.

### B.    Standard of Review

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a

federal habeas court's role in reviewing state prisoner applications in order to

prevent federal habeas 'retrials' and to ensure that state-court convictions are given

effect to the extent possible under law."  *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Specifically, when a federal-law issue has been adjudicated on the merits by

a state court, the federal court reverses only when the decision was contrary to, or

involved an unreasonable application of, clearly established Federal law, as

determined by the United States Supreme Court.  28 U.S.C. § 2254(d)(1).[3]  *See*

---

[3] Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim –

> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as

(continued...)

*generally, Knowles v. Mirzayance*, 556 U.S. 111, 114, ( 2009); *Gattis v. Snyder*, 278 F.3d 222, 234 (3d Cir. 2002); *Moore v. Morton*, 255 F.3d 95, 104-05 (3d Cir. 2001).  The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning.  *Williams v. Taylor*, 529 U.S. 362, 404-405 (2000).  As explained in *Bell*, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the  governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not.  *See* 28 U.S.C. § 2254(e) (1).

In summary, the appropriate inquiry for federal district courts in reviewing the merits of Section 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court

---

[3](...continued)
determined by the Supreme Court of the United States; . . . .

cases; decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts; or unreasonably applied Supreme Court governing principles to the facts of the particular case. *See Keller v. Larkins*, 251 F.3d 408, 417-18 (3d Cir. 2001) (a district court entertaining a § 2254 action must first address whether the state court decision was contrary to Supreme Court precedent); *Martini v. Hendricks*, 188 F. Supp.2d 505, 510 (D. N.J. 2002) (a § 2254 applicant must show that the state court decision was based on an unreasonable determination of facts in light of evidence presented in the state court proceeding). Furthermore, findings of fact by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not.

### C. Ineffective Assistance

In *Strickland v. Washington*, 466 U.S. 668, 688 (1984),the United States Supreme Court held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test. The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id*. at 687; *accord Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994). In *Deputy*, the Third Circuit also noted that it was not bound by any state court determinations as to a counsel's performance. *Id*. at 1494.

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *Jermyn v. Horn,* 266 F.3d 257, 282 (3d Cir.2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Jermyn*, 266 F.3d at 282; *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996). If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, *Strickland*, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions." *United States v. Wiener*, 127 F. Supp. 2d 645, 648 (M.D. Pa. 2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel. *See Burger v. Kemp*, 483 U.S. 776, 794 (1987). It follows that counsel cannot be deemed ineffective for pursuing a meritless claim. *Hartey v. Vaughn*, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and shows prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992) "Without proof of both deficient performance and prejudice to the defense . . . it could not be said that the

sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." *Bell*, 535 U.S. at 695 (internal quotations and citation omitted).[4]

At the time of Petitioner's state court proceedings, *Strickland*'s familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims. In addressing White's present ineffective assistance claims, the state courts applied essentially the same two-prong test for ineffective assistance articulated in *Strickland*.

Specifically, under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims, but is, in substance, identical to the *Strickland* test. *See, e.g., Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001). The Third Circuit has held that Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to *Strickland*. *Jacobs v. Horn*, 395 F.3d 92, 107 n.9 (3d Cir. 2005). Thus, it cannot be said that the state courts applied rules contrary to prevailing principles established by the United States Supreme Court for the adjudication of ineffective assistance claims.

Accordingly, under § 2254(d)(1), the relevant inquiry in addressing the

_____

[4] A court may choose to address the prejudice prong first and reject an ineffective assistance claim solely on the basis that the defendant was not prejudiced. *See Rolan v. Vaughn*, 445 F.3d 671, 678 (3d Cir. 2006).

pending ineffectiveness claims is whether the Pennsylvania state courts' decisions involved an unreasonable application of *Strickland* or were based on an unreasonable determination of the facts. *Jacobs*, 395 F.3d at 107 n.9; *Werts*, 228 F.3d at 204.

### D. Speedy Trial

The Sixth Amendment right to a speedy trial protects an individual from the deprivation of personal liberty from the time he is arrested or criminally charged through to sentencing. *See Hakeem v. Beyer*, 990 F.2d 750, 762 (3d Cir. 1993); *Burkett v. Cunningham*, 826 F.2d 1208, 1220 (3d Cir. 1987). The Sixth Amendment right to a speedy trial is made applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Burkett*, 826 F.2d at 1219. Its purpose is to "minimize the possibility of lengthy incarceration prior to trial, to reduce the . . . impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States v. MacDonald,* 456 U.S. 1, 8 (1982). The Sixth Amendment safeguards a defendant's right to be tried without undue delay. As previously noted, Rule 600 provides for the dismissal of charges if a Pennsylvania state criminal defendant is not brought to trial within 365 days of the

filing of the complaint.  Unlike Rule 600, the speedy trial provision of the Sixth

Amendment is not quantified into a specific number of days.

The undisputed record supports the Superior Court's determination that

there were delays which were not attributable to conduct of the Commonwealth but

rather due to pre-trial motions by Petitioner and his co-defendant.  In this vein it is

noted that Pennsylvania state courts have recognized that delays attributed to a co-

defendant should not be weighed against the prosecution.  *See Commonwealth v.*

*Kimbrough*, 872 A.2d 1244, 1260 (Pa. Super. 2005)(delays caused by co-

defendant's filing of pre-trial motions are attributable to other co-defendants for

purposes of Rule 600); *Commonwealth v. Clark*, No. 913-2014,  2015 WL

7259527 *8 (Pa. Super. May 29, 2015)(delay caused by co-defendant is not

attributable to Commonwealth).  As such, the period of time stemming from co-

defendant's pursuit of a pre-trial motion was properly excluded form the

computation of the running of White's Rule 600 period.  Based upon a review of

the record, the Pennsylvania state courts conducted an accurate Rule 600

computation.

As previously noted, the speedy trial provision is not quantified into a

specific number of days.  Furthermore, the delay at issue was of relatively short

duration and Petitioner has not demonstrated that he suffered any resulting prejudice. Based upon those considerations, there is no basis for a finding that the state court's determination of the speedy trial issue was contrary to, or an unreasonable application of, precedent established by the United States Supreme Court.

Pursuant to the above discussion, this Court agrees that trial counsel's performance cannot be deemed deficient for failing to pursue, or advise Petitioner as the availability of a Rule 600 defense since such a strategy lacked merit. The petition for writ of habeas corpus will be denied.

An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
United States District Judge