# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MYLES WHITE, | No. 4:15-CV-01226 |
| Petitioner. | (Judge Brann) |
| v. | |
| PA STATE ATTORNEY GENERAL, STEVEN R. GLUNT, and MR. MARK STEVEN MATTHEWS, | |
| Respondents. | |

## MEMORANDUM OPINION

### APRIL 4, 2019

## I.  BACKGROUND

Myles White filed a 28 U.S.C. § 2254 petition challenging his conviction in Pennsylvania state court for third degree murder.[1] In his petition, White alleged that the state court improperly calculated his speedy trial deadline and that trial counsel was ineffective for failing to file a motion to dismiss the prosecution based on a purported violation of White's right to a speedy trial.[2]

In June 2017, this Court denied White's petition on the merits, concluding that the Pennsylvania state court properly calculated White's speedy trial deadline and, consequently, trial counsel was not ineffective for failing to file a motion to dismiss

---

1   Doc. 1.

2   *Id.* at 5-7.

as there had been no violation of White's right to a speedy trial.[3] On appeal, the United States Court of Appeals for the Third Circuit concluded that White failed to make a substantial showing of the denial of a constitutional right, and thus denied White's request for a certificate of appealability (COA).[4]

White has now filed a Fed. R. Civ. P. 60(b)(1) motion in which he argues that the Court applied the wrong standard of review and, under the correct standard, his § 2254 petition should have been granted because the state court violated his right to a speedy trial.[5] White further contends that, because his right to a speedy trial was violated, this Court erred in concluding that trial counsel was not ineffective.[6] Finally, White appears to argue that this Court erred in concluding that White failed to exhaust his state court remedies.[7]

## II. DISCUSSION

Rule 60(b) allows courts to relieve parties from a final judgment for several reasons, including, as relevant here, "mistake, inadvertence, surprise, or excusable neglect."[8] However, this Court's jurisdiction to consider a Rule 60(b) motion is sharply circumscribed when such a motion challenges the disposition of a § 2254

---

[3] Doc. 12.

[4] Doc. 17.

[5] Doc. 19 at 1-2.

[6] *Id.* at 3-4.

[7] *Id.* at 2.

[8] Fed. R. Civ. P. 60(b)(1).

petition. Specifically, "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition" and governed by the relevant procedural rules applicable to § 2254 petitions.[9] Those procedural rules provide, inter alia, that prisoners may not file a second or successive § 2254 petition without first obtaining leave from the appropriate court of appeals.[10] Absent such authorization, district courts lack jurisdiction to consider the second or successive § 2254 petition.[11]

Here, White's arguments seek to collaterally attack his underlying state court conviction, and his Rule 60(b) motion must therefore be treated as a second or successive § 2254 petition. White has not obtained permission from the Third Circuit to file a second or successive § 2254 petition, and, consequently, this Court lacks jurisdiction to consider any arguments that seek to invalidate White's underlying state court conviction. Finally, to the extent that White argues this Court improperly concluded that he failed to exhaust his state court remedies, his claim is plainly contradicted by the record, as this Court concluded that White had effectively exhausted such remedies and analyzed the merits of White's § 2254 petition.[12]

---

[9] *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

[10] 28 U.S.C. §§ 2244(a), 2255(h).

[11] *See Pridgen*, 380 F.3d at 725; 28 U.S.C. § 2244(b)(1).

[12] Doc. 12 at 7-8.

## III. CONCLUSION

For the foregoing reasons, this Court construes White's Rule 60(b) motion as an unauthorized second or successive § 2254 petition and dismisses it for lack of jurisdiction. White does not meet the requirements for issuance of a COA[13] and, thus, to the extent that a COA is required, the Court declines to issue one.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[13] *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (when relief denied on procedural grounds, COA should issue only if petitioner makes substantial showing of denial of constitutional right and demonstrates that reasonable jurists would find procedural ruling debatable or wrong).