# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MYLES WHITE, | No. 4:15-CV-01226 |
| Petitioner. | (Judge Brann) |
| v. | |
| PA STATE ATTORNEY GENERAL, STEVEN R. GLUNT and MR. MARK STEVEN MATTHEWS, | |
| Respondents. | |

## MEMORANDUM OPINION

## JUNE 5, 2019

### I. BACKGROUND

Myles White filed a 28 U.S.C. § 2254 petition challenging his Pennsylvania state court conviction for third degree murder.[1] In his petition, White alleged that the state court improperly calculated his speedy trial deadline and that trial counsel was ineffective for failing to file a motion to dismiss the prosecution based on a purported violation of White's right to a speedy trial.[2]

In June 2017, this Court denied White's petition on the merits, concluding that the state court properly calculated White's speedy trial deadline and, consequently,

---

[1] Doc. 1.

[2] *Id.* at 5-7.

trial counsel was not ineffective for failing to file a motion to dismiss the indictment.[3] On appeal, the United States Court of Appeals for the Third Circuit concluded that White failed to make a substantial showing of the denial of a constitutional right and denied White's request for a certificate of appealability (COA).[4]

White has now filed a Fed. R. Civ. P. 60(b) motion—his second in three months—in which he seeks to relitigate the merits of his § 2254 petition and asserts that this Court erroneously concluded that his speedy trial deadline was properly calculated.[5] Specifically, White contends that the Court made an error of law by relying on a Superior Court of Pennsylvania case that is contrary to Supreme Court of Pennsylvania precedent.[6]

## II. DISCUSSION

Rule 60(b) allows courts to relieve parties from a final judgment for several reasons, including, as relevant here, "mistake, inadvertence, surprise, or excusable neglect."[7] However, the Court's jurisdiction to consider a Rule 60(b) motion is sharply circumscribed when such a motion challenges the disposition of a § 2254 petition. Specifically, "a Rule 60(b) motion that seeks to revisit the federal court's

---

[3] Doc. 12.

[4] Doc. 17.

[5] Doc. 23.

[6] *Id.*

[7] Fed. R. Civ. P. 60(b)(1). Although White seeks relief under Rule 60(b)(6), because he asserts that the Court made an error of law, the motion is properly considered under Rule 60(b)(1).

2

denial *on the merits* of a claim for relief should be treated as a successive habeas petition."[8] Thus, "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction," such motion is governed by the relevant procedural rules applicable to § 2254 petitions.[9] Those procedural rules provide, inter alia, that prisoners may not file a second or successive § 2254 petition without first obtaining leave from the appropriate court of appeals.[10] Absent such authorization, district courts lack jurisdiction to consider the second or successive § 2254 petition.[11]

Here, White seeks to relitigate his underlying § 2254 petition, which this Court reviewed and denied on the merits. Because White's purported Rule 60(b) motion seek to collaterally attack his underlying state court conviction, it must be treated as a second or successive § 2254 petition. White has not obtained permission from the Third Circuit to file a second or successive § 2254 petition and, consequently, the Court lacks jurisdiction to consider this motion.[12]

---

[8] *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005).

[9] *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

[10] 28 U.S.C. §§ 2244(a), 2255(h).

[11] *See Pridgen*, 380 F.3d at 725; 28 U.S.C. § 2244(b)(1).

[12] The Court notes that a Rule 60(b)(1) motion must be filed within one year of the entry of the challenged order, Fed. R. Civ. P. 60(c)(1), and White filed this motion approximately one year after that deadline. Thus, even if this Court had jurisdiction to consider White's motion, it would be denied as untimely.

## III. CONCLUSION

For the foregoing reasons, this Court construes White's Rule 60(b) motion as an unauthorized second or successive § 2254 petition and dismisses it for lack of jurisdiction. White does not meet the requirements for issuance of a COA[13] and, to the extent that a COA is required, the Court declines to issue one.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[13] *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (when relief denied on procedural grounds, COA should issue only if petitioner makes substantial showing of denial of constitutional right and demonstrates that reasonable jurists would find procedural ruling debatable or wrong).